IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARIAH ROBERTSON *individually and on behalf of all others similarly situated*, <br><br> *Plaintiff,* <br><br> v. <br><br> ENBRIDGE (U.S.) INC., <br><br> *Defendant.* | Civil Action No. 2:19-cv-1080 <br><br> Hon. William S. Stickman IV <br><br> Hon. Lisa Pupo Lenihan |
| ZACHARIAH ROBERTSON *individually and on behalf of all others similarly situated*, <br><br> *Plaintiff,* <br><br> v. <br><br> ONSHORE QUALITY CONTROL SPECIALIST, LLC <br><br> *Defendant.* | Civil Action No. 2:21-mc-00690 <br><br> Hon. William S. Stickman IV <br><br> Hon. Lisa Pupo Lenihan |

## ORDER OF COURT

Plaintiff Zachariah Robertson initiated this action on behalf of himself and others similarly situated, alleging violations by Defendant Enbridge (U.S.) Inc. ("Enbridge") of both the Pennsylvania Minimum Wage Act and the Federal Fair Labor Standards Act. (No. 19-cv-1080 ECF No. 1). The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D. On February 12, 2021, Plaintiffs filed a Motion for Approval of Collective Action Settlement and Preliminary Approval of Class Action, and the

1

Court entered an Order granting preliminary approval and setting a hearing for June 29, 2021. (No. 19-cv-1080 ECF No. 272). The Court had to reschedule the hearing due to the pending motions and the inability to give notice to full class members. The final approval hearing is now set for September 1, 2021. (No. 19-cv-1080 ECF No. 323).

Currently pending before the Court is the Motion to Enforce Compliance in No. 21-mc-690 (ECF No. 1), the Motion for Protective Order in No. 19-cv-1080 (ECF No. 312), and the Motion to Enforce Subpoena in No. 19-cv-1080 (ECF No. 305). Essentially, third-party vendor companies Onshore Quality Control Specialists, LLC ("Onshore") and Avery Technical Resources, Inc. ("Avery") believe that the Notice of Settlement Agreement at No. 19-cv-1080 should not be sent to any of their employees who signed an arbitration agreement with them containing class action and collective class action waivers. They contend that their employees are not eligible to participate in any class/collective settlement. Avery and Onshore seek an Order protecting them from any obligation to comply with the third-party subpoena served by Plaintiffs. Magistrate Judge Lenihan issued a Report and Recommendation on these non-dispositive matters. (No. 19-cv-1080 ECF No. 325; No. 21-mc-690 ECF No. 12). She recommended that the Motion to Enforce Compliance in No. 21-mc-690 (ECF No. 1) be granted, the Motion for Protective Order in No. 19-cv-1080 (ECF No. 312) be denied, and the Motion to Enforce Subpoena in No. 19-cv-1080 (ECF No. 305) be granted. Timely Objections were filed by Onshore and Avery. (No. 19-cv-1080 ECF No. 327).

After its *de novo* review of the record and consideration of the relevant pleadings, the Court agrees with the analysis and disposition of the motions as set forth by Magistrate Judge Lenihan in her Report and Recommendation. The Court, like Magistrate Judge Lenihan, recognizes that there is no Third Circuit precedent on the issue of notice of a settlement for

signors of an arbitration agreement in a class/collective FLSA case. In addition to its agreement with her analysis of any relevant caselaw, it agrees that while the arbitration agreements may have prevented Avery and Onshore employees from litigating the case, they do not prevent them from participating in a settlement between Plaintiffs and Enbridge. Notice will be sent to inform employees of their ability to participate in the settlement agreement. The Court is readily aware of the fact, as pointed out by Magistrate Judge Lenihan:

> These particular Vendor Companies sat back, allowed Enbridge to expend its resources in discovery, motions, and negotiations, and now that Enbridge has chosen to stop the litigation bleed, are stepping in to interfere with its attempt at final resolution. Too little too late does not even begin to describe their actions. Enbridge is the Defendant in this action, and it is not clear to this Court how Onshore or Avery – or this Court – can force it to proceed in arbitration when it is no longer asserting the arbitration agreement as a defense. If we were currently at the conditional certification stage, and if Enbridge continued to indicate a willingness to try to enforce the arbitration agreements, the Court would agree with Onshore and Avery. Fatal to their argument is the fact that we are not. Onshore and Avery argue that they do not need Enbridge's consent to enforce their own arbitration agreement. However, neither are defendants in this case. They are merely entities subject to the power of a third-party subpoena.

(No. 19-cv-1080 ECF No. 325, p. 12; No. 21-mc-690 ECF No. 12, p. 12). Ultimately, the Court wholeheartedly agrees with Magistrate Judge Lenihan that "the eligible class and collective members include persons for whom Onshore and Avery have the necessary information to provide notice to the class. The information requested by the subpoena is therefore relevant under Rule 26." (*Id.*). Additionally, it concurs that no grounds for a protective order exist.

AND NOW, this 26 day of July 2021, the Court hereby **OVERRULES** the Objections lodged (No. 19-cv-1080 ECF No. 327). Magistrate Judge Lenihan's Report and Recommendation (No. 19-cv-1080 ECF No. 325; No. 21-mc-690 ECF No. 12) is **HEREBY ADOPTED** as the Opinion of the Court. **IT IS FURTHER ORDERED** that the Motion to Enforce Compliance in No. 21-mc-690 (ECF No. 1) is **GRANTED**, the Motion for Protective

3

Order in No. 19-cv-1080 (ECF No. 312) is **DENIED**, and the Motion to Enforce Subpoena in No. 19-cv-1080 (ECF No. 305) is **GRANTED**.

BY THE COURT:

*/s/ William S. Stickman IV*

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
